UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| NEIL F. LETREN,<br><br>                    Plaintiff,<br><br>v.<br><br>ROUNDPOINT MORTGAGE COMPANY,<br><br>and<br><br>ROUNDPOINT MORTGAGE SERVICING CORPORATION,<br><br>                    Defendants. | Civil Action No. _____<br><br>[Removal from the Circuit Court for Prince George's County, Maryland, Case No. CAL14-36551]<br><br>**NOTICE OF REMOVAL OF ACTION**<br><br>**[FEDERAL QUESTION]**<br><br>Complaint Filed: December 22, 2014 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND AND PLAINTIFF:**

PLEASE TAKE NOTICE that on February 2, 2015, Defendant RoundPoint Mortgage Servicing Corporation[1] ("RoundPoint") hereby files this Notice of Removal of the above-described action from the Circuit Court for Prince George's County, Maryland to the United States District Court for the District of Maryland, Southern Division, pursuant to 28 U.S.C. §§ 1331, 1348, 1441, and 1446. This Court has jurisdiction over this action because of federal-question jurisdiction pursuant to 28 U.S.C. § 1331. The removal of this action is based on the following:

**I.      FEDERAL QUESTION JURISDICTION**

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and because this action

---

[1] Plaintiff incorrectly names RoundPoint Mortgage Company as a defendant. In fact, that company no longer exists.

requires that the court resolve questions relating to a federal statute, the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* (the "FCRA"). Consequently, this action may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 for the following reasons.

A. **This Notice of Removal is Timely Because It Has Been Filed Within 30 Days of Defendants' Receipt of the Complaint.**

1. On December 22, 2014, Plaintiff Neil F. Letren (the "Plaintiff") filed a Complaint (the "Complaint") against RoundPoint in a civil action in the Circuit Court for Prince George's County, Maryland, Civil Action No. CAL14-36551. A copy of the Summons and Complaint filed in state court is attached hereto as <u>Exhibit A</u>.

2. Pursuant to 28 U.S.C. § 1446(b), RoundPoint must file a notice of removal within thirty days from "the receipt by defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b). RoundPoint complied with this thirty-day requirement because it received the Complaint on January 15, 2015.

B. **Plaintiff's Complaint Serves as a Basis for Removal**

3. Plaintiff asserts that Defendants violated the FCRA and defamed him by reporting his mortgage account as delinquent despite acquiring a bankruptcy order of discharge. Compl. ¶¶ 6-7. As such, he seeks actual and statutory damages, costs and attorney's fees, in addition to punitive damages. Compl. ¶¶ 19-20, 25.

4. 28 U.S.C. § 1441(a), which establishes when an action is removable from state court to federal court, provides in relevant part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district or division embracing the place where such action is

pending."

5.     Federal-question jurisdiction exists pursuant to 28 U.S.C. § 1331 as a result of the inexorable resolution of significant, disputed issues involving the FCRA. Accordingly, this action may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441.

6.     It is well established that federal jurisdiction exists even when the complaint purports to assert only state law claims if the resolution of such claims depends on significant questions of federal law. *Grable & Sons Metal Prods. v. Dame Eng'g & Mfg.*, 545 U.S. 303, 312 (2005). In fact, the Court, while determining whether the resolution involves a federal question, considers the substance of the underlying allegation rather than the Complaint's label or form. *Kidd v. TA Operating, LLC*, No. 3:10-cv-69, 2010 U.S. Dist. LEXIS 25659, at *4-5 (E.D. Va. March 18, 2010) (concluding that it "must independently analyze the jurisdictional underpinnings by reviewing the allegations of the Complaint"); *see also Cuyahoga River Power Co. v. N. Ohio Traction & Light Co.*, 252 U.S. 388, 397 (1920) (holding that "federal question [exists] not in mere form but in substance, and not in mere assertion, but in essence and effect"). Here, Plaintiff's Complaint suggests both state and federal laws are at issue, and therefore, this case is removable.

7.     Moreover, 28 U.S.C. § 1441(c) further provides that "Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates."

8.     Pursuant to 28 U.S.C. § 1367, to the extent jurisdiction is not otherwise provided in this Notice, Defendants respectfully request that this Court exercise supplemental jurisdiction over Plaintiff's

state-law claim of defamation.

## II.     ALL OTHER REMOVAL REQUIREMENTS HAVE BEEN ACT.

9.     Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, process, and orders served on removing Defendants in the State Action have been attached to this Notice of Removal.

10.    RoundPoint will give written notice of the filing of this notice as required by 28 U.S.C. § 1446(d). A copy of the notice is attached hereto as Exhibit B.

WHEREFORE, Defendant RoundPoint Mortgage Servicing Corporation hereby request that this action proceed in this Court as an action properly removed to it.

Respectfully submitted,

**BLANK ROME LLP**

Dated: February 2, 2015            By: _____
James R. Billings-Kang
Attorney No. 29826
BLANK ROME LLP
600 New Hampshire Avenue NW
Washington, DC 20037
(202) 772-5832
Fax: (202) 572-8431
JBillings-Kang@BlankRome.com
*Counsel for RoundPoint Mortgage Servicing Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of February 2015 true and correct copies of the foregoing Notice of Removal of Action, Exhibits, and Civil Cover Sheet were served via first-class mail, postage prepaid, to:

Neil F. Letren
105 East Mill Avenue
Capital Heights, MD  20743

_____
James Billings-Kang