IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY MARYLAND

NEIL F. LETREN
105 East Mill Avenue
Capital Heights, Maryland 20743

    Plaintiff,

v.

Case No. CAL14-36551

ROUNDPOINT MORTGAGE COMPANY
Serve: CSC-Lawyers Incorporating Service Company
7 Saint Paul Street, Suite 820, Baltimore, Maryland 21202

    Defendant,

ROUNDPOINT MORTGAGE SERVICING CORPORATION
Serve: CSC-Lawyers Incorporating Service Company
7 Saint Paul Street, Suite 820, Baltimore, Maryland 21202

    Defendant.

FILED DEC 22 2014
CLERK OF THE CIRCUIT COURT
FOR PRINCE GEORGE'S COUNTY, MD.

## COMPLAINT AND JURY DEMAND

The Plaintiff, Neil F. Letren, files suit against defendants Roundpoint Mortgage Company and Roundpoint Mortgage Servcing Company (collectively "Roundpoint") and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 et seq. (Fair Credit Reporting Act or "FCRA") and the common law tort of defamation.

### PARTIES

2. The Plaintiff, Neil F. Letren, is a natural person and a consumer as defined by 15 U.S.C. § 1681a(c).



3.      Defendant Roundpoint is Florida corporation that is headquartered in North Carolina. Roundpoint provides financial services to consumers, including originating and servicing mortgage loans. Roundpoint provides its financial services throughout several states of the United States, including the state of Maryland. As part of its servicing function Roundpoint causes credit information to be furnished to the credit reporting agencies and is a "furnisher" pursuant to the FCRA, 15 U.S.C. § 1681-s-2(a-b).

### FACTUAL ALLEGATIONS

4.      Mr. Letren had a primary mortgage on his home that he sought to refinance in September 2013.

5.      Mr. Letren was under a tight deadline to refinance his property by January 2014. [1]

6.      After applying for a refinance loan, Mr. Letren was advised by several loan officers and/or mortgage brokers that Roundpoint was reporting a current debt on his credit report. Specifically, the Roundpoint account was being reported as having a $52,150 balance and $363 monthly payment with a past due delinquency of $22,119 as of June 2013.

7.      Roundpoint was inaccurate because Mr. Letren had filed bankruptcy and did owe any money to Roundpoint. The balance on the account should have been zero and there should not have been a monthly payment obligation or delinquency reported for the account.

8.      Each of the loan officers and/or mortgage brokers advised Mr. Letren that the Roundpoint account would need to be removed to obtain a decent loan, if any.

9.      On or about September 4, 2013 Mr. Letren disputed the Roundpoint tradeline with the credit bureaus. Upon information and belief, the credit bureaus forwarded the disputes to Roundpoint for investigation.

---

[1] Mr. Letren entered into a settlement agreement with his mortgage company that required he pay the mortgage company within 120 days or lose his home.

10. On or about October 4, 2013 the credit bureaus stated that Roundpoint confirmed and/or verified that the information was being reported accurately.

11. In November 2013 Mr. Letren was again denied a loan and Roundpoint was pointed out as the cause or a substantial part of the cause for the denial.

12. On or about December 10, 2013 Mr. Letren wrote a letter directly to Roundpoint where he disputed that the information being reported to the credit bureaus was accurate.

13. Roundpoint responded on January 12, 2014 to Mr. Letren's letter in which it admitted it had been reporting inaccurate information and agreed to have it removed.

14. As a result of Roundpoint's inaccurate reporting Mr. Letren was not able to obtain a bank loan to refinance his property by his deadline in January 2014.

### COUNT ONE: VIOLATION OF FCRA
### (15 U.S.C. §1681s-2(b))

15. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

16. On one or more occasions within two years prior to the filing of this suit, by example only and without limitation, Roundpoint violated the FCRA, 15 U.S.C. §1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's disputes.

17. On one or more occasions within two years prior to the filing of this suit, by example only and without limitation, Roundpoint violated the FCRA, 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

18. As a result of this conduct, action and inaction of Defendants, the Plaintiff suffered actual damages including without limitation, by example only and as described herein: credit damage, credit denial, lost of credit opportunity, pecuniary costs and expenses related to

alternative financing, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

19. Defendants' conduct, actions and inactions were willful, rendering Defendants liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendant was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

20. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant Roundpoint in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT TWO: DEFAMATION

21. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

22. Defendant intentionally and maliciously made false statements publically about Plaintiff's credit history. Such false statements were made to the credit bureaus and eventually propagated by the credit bureaus to other creditors and users of credit information.

23. Defendant did not have a privilege to publish the subject false statements.

24. As a result of Defendant's publication, Plaintiff's credit scored has been reduced, credit applications have been denied, and credit and business opportunities have been lost. Plaintiff has also suffered substantial, actual damages including but not limited to: out-pocket expenses, frustration, upset, humiliation and embarrassment, emotional and mental pain and suffering.

25. Defendant's conduct was the proximate cause of Plaintiff's injuries, rendering Defendant liable for compensatory damages.

WHEREFORE, your Plaintiff demands judgment for actual, statutory and punitive damages against Defendant; for his attorney's fees and costs; for prejudgment and post-judgment interest; and any other relief deemed appropriate by this Court.

**TRIAL BY JURY DEMANDED**

Respectfully submitted,
NEIL F. LETREN

_____
Neil F. Letren
105 East Mill Avenue
Capital Heights, Maryland 20743
Tel: (240) 838-6601